410 A.2d 1261

**Margaret C. VARNER and Roy S. Varner, Appellants,**

**v.**

**PRETTY PRODUCTS, INC., a corporation, Appellee.**

Superior Court of Pennsylvania.

Argued April 11, 1979.

Filed Sept. 26, 1979.

Petition for Allowance of Appeal Denied Nov. 29, 1979.

Clyde T. MacVay, Pittsburgh, for appellants.

Thomas J. Reinstadtler, Jr., Pittsburgh, for appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

HESTER, Judge:

This is an appeal from an Order of the Court of Common Pleas of Allegheny County denying appellants' motion for a new trial.

Appellants (husband and wife) initiated an action in trespass to recover damages for injuries the wife sustained while in the employ of Mason's Department Store in Johnstown, Pennsylvania.

Appellee is a manufacturer of automobile floor mats. In connection with their retail sale, appellee furnished unassembled racks for their display. Employees of the retailer would then assemble and load the racks. Appellant was in the process of loading a rack when it tipped over, knocking her to the floor thus causing her various injuries.

The case was tried on a strict liability theory against the manufacturer; the issue of negligence was not involved. The jury returned a defense verdict. Appellants' post verdict motions were denied, thus this appeal.

Appellants complain that the trial judge improperly charged the jury to the effect that they could return a verdict for appellants if they found that the rack was delivered in a defective condition *or* was unreasonably dangerous to the user. Appellants' theory is based on his reading of the Supreme Court decisions in *Azzarello v. Black Brothers Company, Inc.*, 480 Pa. 547, 391 A.2d 1020 (1978) and *Berkebile v. Brantley Helicopter Corp.*, 462 Pa. 83, 337 A.2d 893 (1975).

Our analysis of this case leads us to conclude that the application of the holdings in the above cases to the case *sub judice*, is inappropriate. Thus we affirm.

*Berkebile* and *Azzarello* both concerned situations where the trial court had defined "defective condition" by using the term "unreasonably dangerous". The holdings in both cases enumerated the principle that a plaintiff in a products liability case does not have the burden of proving that the instrumentality causing the harm was "unreasonably dangerous". It is necessary only to prove a defect in the design or manufacture and that such defect caused injury.

The Supreme Court in both cases, expressed concern that use of the term "unreasonably dangerous" in a charge on "defective condition" would inject principles of negligence and thus confuse the jury.

Here, we are of the opinion that there was no comingling of principles. The trial court charged that the appellants could recover if the jury found that the rack was delivered in a defective condition *or* was unreasonably dangerous to the user.

Contrary to the holdings in the above cases, here the strict liability charge was kept pure of taint by the term "unreasonably dangerous". The trial judge's use of the term "unreasonably dangerous" clearly referred to an alternative theory of recovery.

Order of the lower court denying appellants' motion for a new trial is affirmed.

MONTGOMERY, J., files a dissenting opinion.

MONTGOMERY, Judge, dissenting:

I must respectfully dissent.

Although I concur with the majority that the holdings of *Berkebile v. Brantley Helicopter Corp.*, 462 Pa. 83, 337 A.2d 893 (1978), and *Azzarello v. Black Brothers Company, Inc.*, 480 Pa. 547, 391 A.2d 1020 (1978) are not strictly applicable to the situation presented by the instant case, I still agree with the rationale of these decisions that the very phrase

"unreasonably dangerous" has no place in the charge in a 402A case such as is involved herein because it tends to suggest considerations grounded in negligence which have no place in a case limited to the issue of strict liability. "Strict liability requires, in substance only two elements of requisite proof: the need to prove that the product was defective, and the need to prove that the defect was the proximate cause of the plaintiff's injuries. . . . The crucial difference between strict liability and negligence is that the existence of due care, [as connoted by the unreasonably dangerous language] whether on the part of seller or consumer, is irrelevant. . . . What the seller is not permitted to do directly, we will not allow him to do indirectly by injecting negligence concepts into strict liability theory." *Berkebile*, 462 Pa. 83, 94, 337 A.2d 893, 898, 899.

The instructions in the instant case clearly injected into the case an element with which the jury should not have been concerned. Specifically, the jury was charged improperly that "[The] rule of law in this particular case provides that one who sells or supplies any product in a defective condition or in a condition which is unreasonably dangerous to the user . . . is subject to liability . . ." Although the lower court recognized that it had included an improper element in its charge, it determined that this inclusion was not prejudicial to plaintiffs. I cannot agree. Having directed the jury's attention to this improper element, although permitting it to find for plaintiffs on either theory, it is impossible to determine the importance the jury may have placed on that improper element or what prejudice to plaintiffs may have resulted therefrom. The jury might have found for the defendants because it failed to find the rack unreasonably dangerous although defective. Since the danger aspect in 402A cases is represented by the very existence of the defect itself, it was error, prejudicial to the plaintiffs, to permit the jury to pass on the question of whether the rack was defective or dangerous.

As stated by Justice Nix in *Azzarello* :

[T]he mere fact that we have approved Section 402A, and even if we agree that the phrase "unreasonably dangerous" serves a useful purpose in predicting liability in this area, it does not follow that this language should be used in framing the issues for the jury's consideration  .   .   .

Restated, the phrases "defective condition" and "unreasonably dangerous" as used in the Restatement formulation are terms of art invoked when strict liability is appropriate.  It is a judicial function to decide whether, under plaintiff's averment of the facts, recovery would be justified;  and only after this judicial determination is made is the cause submitted to the jury to determine whether the facts of the case support the averments of the complaint.  They do not fall within the orbit of a factual dispute which is properly assigned to the jury for resolution.

I find that the charge in the instant case, by the use of the term "unreasonably dangerous", was improper and misleading, and that appellant is entitled to a new trial.  "A trial judge's charges which are inadequate or not clear, or which tend to mislead, are well-recognized grounds for reversal." *Randolph v. Campbell*, 360 Pa. 453, 62 A.2d 60 (1948).